# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-0015-WS |
| | ) | |
| ANTHONY JAMES WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The defendant has filed two essentially identical motions to amend his sentence. (Docs. 77, 78).  Both motions are based on post-sentencing changes in his state criminal history.  For reasons that follow, the motion is due to be denied.

The defendant was indicted on seventeen counts.  (Doc. 1).  As relevant here, Count Two charged him with possessing with intent to distribute methamphetamine on or about September 8, 2020; Count Sixteen charged him with being a felon in possession of a firearm on or about October 9, 2020; and Count Seventeen charged him with possessing, using, and carrying a firearm during a drug offense, also on or about October 9, 2020.  (*Id*.).  The defendant pleaded guilty to these three counts.  (Docs. 25, 26).

The presentence investigation report ("PSR") reflected a number of pending state charges.  As relevant here, Paragraph 50 discussed charges of trafficking in methamphetamine on December 9, 2020.  (Doc. 45 at 13-14).  Paragraph 47, in contrast, discussed charges relating to the defendant's simple possession of (not trafficking in) certain controlled substances in 2017 (not 2020).  (*Id*. at 12).

The defendant's drug activity on December 9, 2020, which was the subject of the state charges under Paragraph 50, was also the subject of Counts Fourteen and Fifteen of the federal indictment.  (Doc. 1 at 3).  At sentencing, defense counsel argued that the charges under Paragraph 50 were related to the federal charges to which the defendant pleaded guilty, and on that basis he requested the Court "to run whatever sentence you impose here concurrently with the to be imposed sentence in the case in paragraph

number 50."  The United States Attorney and the United States Probation Office expressly concurred with defense counsel's assessment.  On this basis, the Court orally announced that it would "recommend that this sentence be concurrent to any yet-to-be-imposed sentence in the state case which is identified in paragraph 50 of the presentence report."

The Court thereafter entered judgment, sentencing the defendant to 60 months imprisonment under Counts Two and Sixteen, "said terms to run concurrently with each other and concurrently with any yet to be imposed state custody sentence as referenced in paragraph #50 of the Presentence Report."  (Doc. 54 at 2).  The Court sentenced the defendant to a consecutive 60-month sentence under Count Seventeen.  (*Id*.).

According to the defendant, the state subsequently *nolle prossed* the charges addressed under paragraph 50 but sentenced the defendant to an unstated term of imprisonment on the charges addressed under paragraph 47.  According to the defendant, the Bureau of Prisons ("BOP") has refused to give the defendant credit against his federal sentence for time spent in state custody serving the sentence imposed on the charges identified in paragraph 47.  (Doc. 77 at 1; Doc. 78 at 2).

In his second motion, the defendant argues that BOP misreads the Court's judgment.  According to the defendant, the term "any" means that the judgment requires his federal sentence to run concurrently with any state judgment entered on *any* charges, including those under Paragraph 47.  (Doc. 78 at 2).  This is plainly incorrect, as the judgment states only that the federal sentence will run concurrently with any state sentence imposed on the charges "identified in paragraph 50," which patently excludes concurrent treatment of any state sentence on the charges addressed in Paragraph 47.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).  This rule applies when the other term of imprisonment is imposed by a state court.  *Jones v. United States*, 746 Fed. Appx. 912, 914 (11th Cir. 2018).  Because the Court stated only that the federal sentence would run concurrently to any eventual sentence on the state

[]                                        2

charges identified in Paragraph 50, as a matter of law the federal sentence runs consecutively to the later sentence on the state charges identified in Paragraph 47.

In his first motion, the defendant concedes that the judgment extends concurrent treatment only to the state charges in Paragraph 50, but he asks the Court to alter the judgment to make the federal sentence concurrent to the charges in Paragraph 47.  (Doc. 77 at 1-2).  The Court has no power to make such a change, and it would not do so even if it could.

A judgment, once entered, can be amended only under certain, narrow circumstances delineated by statute.  These include:  (1) a motion for compassionate release; (2) the defendant's age; (3) a retroactive amendment to the Sentencing Guidelines; (4) as expressly permitted by Rule 35; and (5) as otherwise expressly permitted by statute.  18 U.S.C. § 3582(c).  These limited means govern efforts to alter a sentence from consecutive to concurrent.  *United States v. Rodriguez*, 499 Fed. Appx. 904, 907 (11th Cir. 2012).  The first three means plainly are not implicated here, and the defendant identifies no statute by which his judgment can be altered some four years after sentencing.  Rule 35(b) alterations are based on substantial assistance, which is not at issue here, and Rule 35(a) amendments must be made within two weeks of sentencing and only on grounds of clear error.

Even if the Court had power to grant the defendant's motion, it would not do so, because the judgment accurately reflects the Court's intention.  At sentencing, the Court explicitly stated that the judgment would be concurrent with any state sentence under Paragraph 50.  It did so for the reason expressed by defense counsel:  that those state charges were related to the federal charges, with all of them involving trafficking in methamphetamine and other controlled substances during a short window of time in 2020.  The charges under Paragraph 47, in contrast, addressed the defendant's conduct some three years previously and were in no way related to the federal charges on which the defendant was sentenced; there was thus neither any justification for running the

[]                                        3

federal sentence concurrently with any state sentence on the Paragraph 47 charges nor any judicial intention to do so.

The defendant suggests that the Court has already confirmed that he served approximately 49 months of his federal term while in state custody. (Doc. 77 at 2). In March 2026, the defendant filed a motion for immediate release, on the grounds that he had fully served his ten-year federal sentence in only four years. (Doc. 75). The defendant represented in his motion that his federal sentence was served concurrently with an unidentified state sentence. (*Id.* at 1). The Court ruled that, even if that were so, he could not possibly have served a ten-year sentence in four years, even accounting for all potential good-time credits. (Doc. 76). The accuracy of the defendant's assertion of concurrent terms was not central to the Court's decision and does not constitute a ruling, much less an irreversible ruling, that his federal sentence is concurrent to any state sentence on the Paragraph 47 (as opposed to Paragraph 50) charges.

As additional relief, the defendant asks the Court to grant him credit for time he says he spent in federal custody while going to court between his February 2022 arrest and his August 2022 sentencing. (Doc. 77 at 2). Credit for time spent in official detention prior to the date a federal sentence commences -- which is what the defendant seeks -- is governed by 18 U.S.C. § 3585(b). Under this statute, "the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards." *United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005), *abrogated in part on other grounds, Santiago-Lugo v. Warden*, 785 F.3d 467, 475 n.5 (11th Cir. 2015). A defendant dissatisfied with BOP's decision may challenge it judicially via Section 2241, *id.*, but the defendant does not do so. Should he choose to do so, jurisdiction under Section 2241 over such a claim lies only in the defendant's district of confinement. *E.g., United States v. James*, 842 Fed. Appx. 436, 438 (11th Cir. 2021). The defendant is incarcerated in the Middle District of Alabama, not the Southern District of Alabama. (Doc. 77 at 4).

[]                                    4

The defendant states that he is dealing with serious medical issues, including cancer.  (Doc. 77 at 2; Doc. 78 at 2-3).  He does not seek compassionate release on this basis but rather a prompt resolution of his pending motions, which this order provides.

For the reasons set forth above, the defendant's motions to amend his sentence, including his embedded motion for pre-sentencing credit, are **denied**.

DONE and ORDERED this 15th day of July, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

[]                    5